IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| THEOPHILUS HUDSON, JR.<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MOBILE, ALABAMA,<br><br>Defendant. | Case No. 25-cv-45<br><br>**TRIAL BY JURY REQUESTED** |

## COMPLAINT

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

Plaintiff, Theophilus Hudson, Jr. ("Mr. Hudson"), files this complaint seeking principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress unlawful discrimination in employment based on race as well as retaliation for previously engaging in protective activity to challenge race discrimination and retaliation in employment.

This action is brought pursuant to 42 U.S.C. § 1981, as amended, as made actionable by 42 U.S.C. Section 1983, the Equal Protection Clause of the 14th Amendment to the United States Constitution, and Title VII of the Civil Rights Act of 1964, (as amended by the Civil Rights Act of 1991) 42 U.S.C. § 2000e-2(a).

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 2000e.

1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff filed a timely Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission and now files this Complaint within Ninety (90) days of receiving his Notice of Rights. Plaintiff Hudson has therefore exhausted his administrative remedies.

### II.

### PARTIES

1. Plaintiff, Theophilus Hudson, Jr., is a Black man residing in Mobile County, Alabama, who serves as an Engineering Technician III for Defendant City of Mobile's Engineering Department.

2. Defendant, City of Mobile, is a municipal entity organized under the laws of the State of Alabama and an employer within the meaning of 42 U.S.C.A. § 2000e(b).

### III.

### FACTUAL ALLEGATIONS

3. In April 2018, Plaintiff Theophilus Hudson was hired by Defendant as an Engineering Technician III in the permitting division of Defendant's Engineering Department.

4. On information and belief, at all times relevant to this matter, Mr. Hudson was the only Black male employed in an engineering capacity within Defendant's

Engineering Department.

5. Hiring and promotion eligibility for employees of Defendant's Engineering Department is determined in accordance with the rules and regulations of the Mobile County Personnel Board's Merit System.

6. Having begun performing the duties of the Engineer 1 position in November 2021 in addition to those of his actual role as Engineering Technician III following the resignation of the permitting division's two incumbent engineers, Mr. Hudson was told by his supervisor, Jesse Yawn, that he would need to appear on the Mobile County Personnel Board's "list of eligibles" in order to be promoted to Engineering Technician IV.

7. In January 2022, following his performance on a competitive examination, Mr. Hudson placed second (2nd) on the Mobile County Personnel Board's list of individuals eligible for promotion to Engineering Technician IV.

8. In March 2022, Mr. Hudson's direct supervisor Yawn violently threw a pencil at a door and told Mr. Hudson, "You have too much confidence, you burn my ass", in response to Mr. Hudson's inquiry whether he would be interviewed for a vacant Engineering Technician IV position for which he had qualified.

9. On or about July 14, 2022, Mr. Hudson emailed a discrimination complaint to Defendant's Executive Director of Public Works, James DeLapp, and Defendant's Chief Engineer Nicholas Amberger, alleging that racism generally and

Mr. Hudson being the only Black male in Defendant's Engineering Department in particular, were the reasons he was denied the Engineering Technician IV position for which he had qualified.

10. On or about May 18, 2023, Mr. Hudson emailed the Mobile County Personnel Board a complaint of racial discrimination alleging that his supervisor Jesse Yawn and Defendant's Chief Engineer Nick Amberger treated him so unfairly that such inequitable treatment had to be racially motivated.

11. On or about June 7, 2023, Mr. Hudson emailed a discrimination complaint to Defendant's then-Chief of Staff, James Barber, alleging that his previous complaint of racial discrimination had not been addressed and that he continued to suffer the effects of racial discrimination.

12. On or about June 14, 2023, Mr. Hudson emailed a complaint alleging that White employees, including Gary Nelson and Anthony Morris, had been hired after Hudson and lacked his level of qualifications - were being promoted to the Engineering Technician IV position without having applied for or qualified via the Personnel Board's competitive examination for the role.

13. In August 2023, following his performance on a competitive examination, Mr. Hudson placed first (1st) on the Mobile County Personnel Board's list of individuals eligible for promotion to Engineering Technician IV.

14. On August 22, 2023, Mr. Hudson emailed a complaint of discrimination

to Defendant's Executive Director for Public Safety Robert Lasky, alleging that he was denied yet again the opportunity to compete for the Engineering Technician IV position, including denied the opportunity to interview for same, and that he was unfairly disciplined, all of because of his race.

15.  In addition to the repeated denial of promotional opportunities, Mr. Hudson has been subjected to a litany of racially offensive comments throughout his employment with Defendant.

16. On or about May 17, 2023, Mr. Hudson's supervisor Jesse Yawn threateningly told Mr. Hudson that he was going to spray disinfectant into his mouth, and later Mr. Yawn also failed to act on Mr. Hudson's complaint that a colleague had called him a "coon".  Instead, Yawn flatly replied to Mr. Hudson: "Welcome to Alabama".

17. As the only Black man in Defendant's engineering department, Mr. Hudson was also routinely denigrated even once having been told by Chief Engineer Amberger that "you don't belong here…you don't know enough", in response to Mr. Hudson's 2022 request to interview for the Engineering Technician IV role.

18.  In similarly racially repugnant office banter, Mr. Hudson was told by former supervisor Shane Cumbie that Cumbie was so poor growing up that he (Cumbie) felt "like he was Black."

19. On another occasion, Cumbie told Hudson he would have to leave the office to work in "the field" because "we're hiring an older White woman in the office".

20. Based on the foregoing, Mr. Hudson has been the victim of repeated racial discrimination and retaliation in his employment with the Defendant City of Mobile.

## IV.

## CAUSES OF ACTION

### Count I

### (Race Discrimination in Violation of Title VII)

21. Mr. Hudson hereby repeats, reiterates, and realleges each and every allegation in each of the preceding paragraphs #1 - #20, as if fully set forth herein.

22. By the acts and practices described above, Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race and/or ethnicity in violation of Title VII by rejecting Plaintiff for jobs for which he was qualified in favor of less qualified White candidates.

23. Defendant knew that its actions constituted unlawful discrimination under Title VII and/or acted with malice or reckless indifference to Plaintiff's statutorily protected rights.

## Count II- Discrimination in Violation of 42 U.S.C. Sec. 1981

24. Mr. Hudson hereby repeats, reiterates, and realleges each and every allegation in each of the preceding paragraphs #1 - 20, as if fully set forth herein.

25. Because of the actions as outlined above, Defendant has engaged in unlawful discrimination against Mr. Hudson on the basis of his race and or ethnicity in violation of 42 U.S.C. Section 1981 made actionable by Section 1983 by rejecting Plaintiff for jobs for which he was qualified in favor of less qualified White candidates.

## Count III – TITLE VII (Retaliation)

26. Based upon the factual allegations as set out in Paragraphs #1 - #20, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by retaliating against Mr. Hudson by rejecting him for a job for which he was qualified in favor of less qualified White candidates due to his protected activity complaining about Defendant's racial discriminatory acts.

## Count IV - 42 U.S.C. SECTIONS 1981 (Retaliation)

27. Based upon the factual allegations as set out in Paragraphs #1 - #20 above, Defendant intentionally retaliated against Mr. Hudson by rejecting him for a job for which he was qualified in favor of less qualified White candidates due to his protected activity complaining about Defendant's racially discriminatory acts in

violation of the anti-retaliation provisions of 42 USC Section 1981, as amended, and made actionable by 42 U.S.C. Section 1983.

## Count V

**(Discrimination in Violation of the 14th Amendment to the US Constitution)**

28. Mr. Hudson hereby repeats, reiterates, and realleges each and every allegation in each of the preceding paragraphs #1 - 20, as if fully set forth herein.

29. Because of the actions as outlined above, Defendant has engaged in unlawful discrimination against Mr. Hudson on the basis of his race and or ethnicity in violation the 14th Amendment to the United States Constitution by rejecting Plaintiff for jobs for which he was qualified in favor of less qualified White candidates.

## Count VI

**(Retaliation in Violation of the 14th Amendment to the US Constitution)**

30. Mr. Hudson hereby repeats, reiterates, and realleges each and every allegation in each of the preceding paragraphs #1 - 20, as if fully set forth herein.

31. Because of the actions as outlined above, Defendant has engaged in unlawful discrimination against Mr. Hudson on the basis of his race and or ethnicity in violation the 14th Amendment to the United States Constitution by rejecting Plaintiff for jobs for which he was qualified in favor of less qualified White candidates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a) A declaratory judgment that Defendant has discriminated against Plaintiff on the basis of his race, and retaliated against him, both in violation of Title VII;

(b) A declaratory judgment that the Defendant has violated the anti-discrimination and retaliation provisions of 42 U.S.C. Section 1981 & Section 1983;

(c) A declaratory judgment that the Defendant has retaliated against Plaintiff on the basis of his prior protected activity in violation of Title VII;

(d) A declaratory judgment that the Defendant has retaliated against Plaintiff because of his race and prior protected activity in violation the 14th Amendment to the United States Constitution;

(e) Award Plaintiff the sum of $300,000.00 as compensatory damages;

(f) Award Plaintiff his costs and expenses incurred in bringing this action, including reasonable attorney's fees, and such other relief as the court may deem just and proper.

**TRIAL BY JURY REQUESTED**.

                                                s/Ronnie L. Williams (WILLR6024)
Williams & Associates, LLC
Attorneys for Plaintiff Theophilus Hudson
814 St. Francis Street
Mobile, Alabama 36602
Tel: (251) 432-6985
ron@williams-llc.com